COMMONWEALTH OF MASSACHUSETTS
THE TRIAL COURT

MIDDLESEX, ss.

SUPERIOR COURT DEPARTMENT
MIDDLESEX DIVISION
WOBURN SESSION

13-2654

FILED
IN THE OFFICE OF THE
CLERK OF COURTS
FOR THE COUNTY OF MIDDLESEX
JUN 26 2013
CLERK

YANA S. EDQUIST,
For herself and all others similarly
Situated,

        Plaintiff,

v.

BIDZ.com, Inc.,

        Defendant.

CIVIL ACTION NO.

```
9148A000006/26/13CIVIL      240.00
9148A000006/26/13SURCHARGE   15.00
9148A000006/26/13SECC        20.00
9148A000006/26/13SUMMONS      5.00
```

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff, Yana S. Edquist, for herself and all others similarly situated, complaining of the Defendant, BIDZ.com, Inc., alleges as follows:

### PARTIES

1. Yana S. Edquist is a natural person residing in Melrose, County of Middlesex, Commonwealth of Massachusetts.

2. BIDZ.com, Inc. is incorporated in the state of Delaware.

3. BIDZ.com, Inc. has a principal place of business in Culver City, California.

4. BIDZ.com, Inc. does business throughout the Commonwealth of Massachusetts through an interactive auction website.

### SUPERIOR COURT JURISDICTION AND VENUE

1

5. The action involves class action breach of contract and fraud and the Superior Court has original jurisdiction since the amount in controversy exceeds $25,000

6. Venue is appropriate in Middlesex County where the Plaintiff resides and where the Defendant has subjected itself to the jurisdiction of the Court by intentionally targeting Massachusetts residents through its interactive website soliciting and doing business throughout Massachusetts with individuals including the Plaintiff.

## FACTS

7. BIDZ.com, Inc. operates a website, Bidz.com, targeted to all internet users.

8. BIDZ.com advertised on its website a "100% money back guarantee."

9. BIDZ.com listed no limitations on the 100% money back guarantee that were conspicuous and located in the same place on the website as the guarantee.

10. BIDZ.com, through its webmaster or other agent, placed the "100% money back guarantee" on the Bidz.com website prior to Plaintiff's purchase.

11. BIDZ.com listed limitations on its return policy in a separate section of its website that may not be seen by a user.

12. BIDZ.com knew or should have known that website users would rely on the "100% money back guarantee" rather than the limitations on its return policy listed in a separate section of its website.

13. BIDZ.com totally controlled the content of its website.

14. BIDZ.com totally controlled the manner of navigation of a viewer through the website.

15. BISZ.com knew or should have known that its website "100% money back guarantee" was misleading.

2

16. BISZ.com knew or should have known that its website "100% money back guarantee" was inconsistent with its return policy.

17. Plaintiff saw the "100% money back guarantee."

18. Plaintiff did not see the separate section of the website that listed limitations on its return policy.

19. Many other consumers also saw the "100% money back guarantee."

20. Many other consumers may additionally have not seen the separate section of the website that listed limitations on its return policy.

21. Plaintiff, in reliance on BIDZ.com's "100% money back guarantee," ordered merchandise from BIDZ.com in June, 2008.

22. Plaintiff was not satisfied with the quality of the merchandise sold by BIDZ.com.

23. Plaintiff attempted to return the merchandise for a "100% money back" credit to her charge card that was used for the original purchase but was charged a restocking fee.

24. Plaintiff was not reimbursed for shipping costs of the order.

25. Plaintiff complained to BIDZ.com's customer service but was refused the "100% money back" promised.

26. Plaintiff made a Mass. Gen. Laws ch. 93A Demand on Defendant to provide the "100% money back" credit to her charge card and refund the shipping costs.

27. Defendant refused to honor the "100% money back guarantee."

## CLASS ACTION CERTIFICATION

28. Plaintiff seeks to represent a class pursuant to Mass. R. Civ. P. 23 with respect to each of the claims below, consisting of:

> All persons who made purchases through BIDZ.com, Inc. from their online auction at BIDZ.com at any time during the liability period as determined by the Court and who returned items but were charged a re-stocking fee and/or not refunded the shipping costs in violation of the offered "100% money-back guarantee."

The proposed class may include subclasses defined as those who complained about the failure to honor the "100% money-back guarantee" and received partial payments or credits or no payments or credits.

In the event that discovery shows, or the Court determines, that the proposed class cannot satisfy Mass. R. Civ. P. 23, Plaintiffs propose an alternative definition of the class:

> All persons who made purchases through BIDZ.com, Inc. from their online auction at BIDZ.com at any time during the liability period as determined by the Court and who did not see any limitations on the "100% money-back guarantee" and who returned items but were charged a re-stocking fee and/or not refunded the shipping costs in violation of the offered "100% money-back guarantee."

29. NUMEROSITY: The number of persons in the class is estimated to exceed 1,000. It would be impracticable to bring all, or even a substantial percentage of, such persons before the Court as individual plaintiffs through joinder.

30. COMMONALITY: There are questions of law and fact common to the class. The two overarching questions of law and fact common to all members of the class are that they

ordered jewelry from Defendant's online auction service that offered a "100% money back guarantee," but were still charged restocking fees and/or not refunded shipping costs or were told they would be charged restocking fees and/or not refunded shipping costs. If the court does not accept that the online promise of a "100% money-back guarantee" formed a binding contract of adhesion, the terms of which include the "100% money-back guarantee" but do not include the conflicting disclaimers, the common questions of fact and law would result in a smaller class of individuals who ordered jewelry from Defendant's online auction service that offered a "100% money back guarantee," saw that "100% money back guarantee" but did not see any disclaimers and were still charged restocking fees and/or not refunded shipping costs or were told they would be charged restocking fees and/or not refunded shipping costs.

31. TYPICALITY: The claims of the Plaintiff are typical of the claims of all class members because Defendant has subjected Plaintiff and the class to the same breach of contract. The only conclusion that has to be made is whether the contract is:

    a. A contract of adhesion that binds a class consisting of all purchasers on the website to the same contract where the terms include the "100% money back guarantee" but not the disclaimers; or

    b. A contract that binds only those potentially smaller class of purchasers who saw the "100% money back guarantee" but not the disclaimers.

32. ADEQUACY OF REPRESENTATION: Plaintiff is a fair and adequate representative of either class because her claims are similar in fact and law and she is determined to pursue damages and an injunction on behalf of all members of the class.

33. Plaintiff is willing to and able to represent the proposed class and has every incentive to pursue this action to a successful conclusion.

34. Plaintiff's interests are not in any way antagonistic to those of the other class members.

35. Plaintiff is represented by counsel competent and ready to pursue litigating a major class action involving breach of contract.

36. PROPRIETY OF MAINTENANCE OF CLASS ACTION UNDER MASS. R. CIV. P. 23(b): Class action status is appropriate under Mass. R. Civ. P. 23(b) because Defendant has acted on grounds generally applicable to the class, thereby making damage and injunctive relief appropriate with respect to the class as a whole. Class action is also appropriate under Mass. R. Civ. P. 23(b) because the common questions of law and fact identified above predominate over questions affecting only individual members. A class action is superior to other available methods for the fair and efficient adjudication of this litigation. All members of the class were subjected to the same breach of contract and charged fees or not refunded shipping costs in violation of the "100% money-back guarantee." Requiring each class member to pursue his or her claim individually would entail needless duplication and would waste the resources of both the parties and the Court. The financial burden of proving that Defendant engaged in such a practice also would make the prosecution of individual actions virtually impossible for most, if not all, members of the class.

### COUNT 1
### BREACH OF CONTRACT
### CLASS ACTION

37. Plaintiff repeats and realleges ¶¶ 1-36 above and incorporates them herein by reference.

38. Defendant, by failing to honor the advertised "100% money back guarantee" breached a material term of the contract.

39. WHEREFORE, Plaintiff seeks an injunction ordering Defendant to comply with the advertised guarantee or to modify or delete the guarantee in all present and future advertising. In addition, Plaintiff seeks compensation, interest, costs and attorney fees plus such additional orders as this Honorable Court may deem just and appropriate.

## COUNT 2
## BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING
## CLASS ACTION

40. Plaintiff repeats and realleges ¶¶ 1-39 above and incorporates them herein by reference.

41. Defendant, by failing to honor the advertised "100% money back guarantee" breached a material term of the contract and the covenant of good faith and fair dealing inherent in all contracts.

42. WHEREFORE, Plaintiff seeks an injunction ordering Defendant to comply with the advertised guarantee or to modify or delete the guarantee in all present and future advertising. In addition, Plaintiff seeks compensation, interest, costs and attorney fees plus such additional orders as this honorable Court may deem just and appropriate.

## COUNT 3
## FRAUD
## CLASS ACTION

43. Plaintiff repeats and realleges ¶¶ 1-42 above and incorporates them herein by reference.

44. Defendant deliberately and willfully advertised a guarantee that it knew it would not honor based on its own disclaimers that it failed to refer to or publish adjacent to the "100% money back guarantee."

45. Defendant deliberately and willfully advertised a guarantee that it knew would induce customers to purchase products from it.

46. Defendant has deliberately and willfully misled customers by a material misrepresentation of the terms of the purchases it sought to induce.

47. Plaintiff did rely on the representation of a "100% money back guarantee."

48. WHEREFORE, Plaintiff seeks an injunction barring Defendant from making any future misleading statements. Plaintiff seeks compensation, interest, costs, punitive damages and attorney fees plus such additional orders as this honorable Court may deem just and appropriate.

## COUNT 4
## VIOLATION OF MASS. GEN. LAWS CH. 93A
## CLASS ACTION

49. Plaintiff repeats and realleges ¶¶ 1-48 above and incorporates them herein by reference.

50. Defendant deliberately and willfully advertised a guarantee that it knew it would not honor based on its own disclaimers that it failed to refer to or publish adjacent to the "100% money back guarantee."

51. Defendant deliberately and willfully advertised a guarantee that it knew would induce customers to purchase products from it.

52. Defendant has deliberately and willfully misled customers by a material misrepresentation of the terms of the purchases it sought to induce.

53. Plaintiff and others did rely on the representation of a "100% money back guarantee."

54. Defendant deliberately and willfully breached the terms of its contract.

55. Plaintiff made a Mass. Gen. Laws ch. 93A demand upon Defendant but Defendant failed to refund the money or pay the shipping costs.

56. WHEREFORE, Plaintiff seeks an injunction barring Defendant from making any future false and/or misleading statements. Plaintiff seeks compensation, triple damages, interest, costs, punitive damages and attorney fees plus such additional orders as this honorable Court may deem just and appropriate.

### JURY TRIAL

Plaintiff seeks a jury trial for all issues so triable.

Yana S. Edquist, Plaintiff
By her attorney,

_____
WALTER H. JACOBS
W. Jacobs and Associates at Law, L.L.C.
BBO #672106
795 Turnpike Road
North Andover, MA 01845
978-688-0900
wjacobslaw@gmail.com

DATE: June 21, 2013

---

MIDDLESEX, SS. *Commonwealth of Massachusetts*
SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT

In testimony that the foregoing is a true copy on file and of record made by photographic process, I hereunto set my hand and affix the seal of said Superior Court this Second day of July, 2013.

_____
Deputy Assistant Clerk

9